UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00891-GNS

GOLDEN GATE NATIONAL SENIOR CARE, LLC;
GGNSC LOUISVILLE HILLCREEK, LLC
d/b/b GOLDEN LIVING CENTER – HILLCREEK;
GGNSC ADMINISTRATIVE SERVICES, LLC;
GGNSC HOLDINGS, LLC;
GGNSC EQUITY HOLDINGS, LLC;
GGNSC EQUITY HOLDINGS II, LLC;
GOLDEN GATE ANCILLARY, LLC;
GGNSC CLINICAL SERVICES, LLC;
GPH LOUISVILLE HILLCREEK, LLC                                    PLAINTIFFS


v.


DEBORAH K. FLESHMAN                                               DEFENDANT



**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss (DN 11).[1]  The motion

is ripe for a decision.  For the reasons stated below, the motion is **DENIED**.

**I.       SUMMARY OF FACTS AND CLAIMS**

Deborah K. Fleshman ("Fleshman") resided at Golden Living Center – Hillcreek in

Louisville, Kentucky, from approximately December 2014 until March 2015.  (Compl. Ex. 2, ¶

2, DN 1-2).  On December 11, 2014, Fleshman executed the Alternative Dispute Resolution

Agreement ("Agreement") at the beginning of her residency.  (Alternative Dispute Resolution

Agreement 7, DN 1-3).

---

[1] Defendant's motion was not accompanied by a separate supporting memorandum as required
by LR 7.1(a).

On December 1, 2015, Fleshman filed a lawsuit in Jefferson Circuit Court entitled *Fleshman v. Golden Gate National Senior Center, LLC*, Civil Action No. 15-CI-006041 ("State Court Action"). (Compl. Ex. 2). In the state court complaint, Fleshman asserted claims of, *inter alia*, negligence, medical negligence, corporate negligence, and violation of her rights under KRS 216.510 *et seq*. against various defendants including Plaintiffs in this action.[2] (Compl. Ex. 2, at 11-19). Following the initiation of the State Court Action, Plaintiffs[3] filed this action 17 days later seeking to enforce the arbitration provision in the Agreement pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. In the present motion, Fleshman seeks dismissal on various bases pursuant to Federal Rule Civil Procedures 12(b)(1), 12(b)(6), and 12(b)(7).[4]

## II.   DISCUSSION

In her motion to dismiss, Fleshman raises the following arguments:  (i) the Court lacks subject matter jurisdiction; (ii) GGNSC failed to join indispensable parties—namely nursing home personnel who are defendants in the State Court Aaction—as parties to this action; (iii) the Court should abstain from exercising jurisdiction based upon the *Colorado River* abstention doctrine; (iv) the arbitration agreement is invalid and unenforceable; (v) the arbitration agreement is unconscionable; and (vi) the Anti-Injunction Act precludes this Court from enjoining the state court action. (Def.'s Mem. in Supp. of Mot. to Dismiss 5-27). These same arguments have been unsuccessfully raised in other recent cases in this District. *See Owensboro Health Facilities, L.P. v. Henderson*, No. 4:16CV-00002-JHM, 2016 WL 2853569 (W.D. Ky. May 12, 2016); *Riney v. GGNSC Louisville St. Matthews, LLC*, No. 3:16CV-00122-JHM, 2016

---

[2] Fleshman also asserted claims against one named individual and several unknown individuals who are not parties to this federal action. (Compl. Ex. 2, at 20-21).
[3] The Court will refer to Plaintiffs in this action collectively as "GGNSC."
[4] Shortly after filing this action, Plaintiffs moved to compel arbitration. (Pls.' Mot. to Compel Arbitration, DN 5). The parties have requested that the Court first rule on the motion to dismiss.

WL 2853568 (W.D. Ky. May 12, 2016); *Preferred Care of Del., Inc. v. Crocker*, No. 5:15-CV-177-TBR, 2016 WL 1181786 (W.D. Ky. Mar. 24, 2016); *GGNSC Louisville Hillcreek, LLC v. Watkins*, No. 3:15-CV-902-DJH, 2016 WL 815295 (W.D. Ky. Feb. 29, 2016); *Sun Healthcare Grp., Inc. v. Dowdy*, No. 5:13-CV-00169-TBR, 2014 WL 790916 (W.D. Ky. Feb. 26, 2014); *Life Care Ctrs. of Am., Inc. v. Estate of Neblett*, No. 5:14-CV-00124-TBR, 2014 WL 5439623 (W.D. Ky. Oct. 22, 2014). *See also GGNSC Frankfort, LLC v. Tracy*, No. CIV. 14-30-GFVT, 2015 WL 1481149 (E.D. Ky. Mar. 31, 2015). After considering the arguments of the parties and the cases referenced above with respect to all six bases for dismissal raised by Fleshman, the Court denies the motion to dismiss for the reasons set forth in *Watkins* and *Crocker*.

In her motion to dismiss, Fleshman also raises issues relating to the formation and scope of the arbitration agreement. Fleshman argues that the Court should dismiss this action because she was incompetent to sign the Agreement. (Def.'s Mot. to Dismiss 14-17). Both parties have proffered exhibits in support of their conflicting views on this issue. Addressing the issue of competency necessarily requires the Court to make factual determinations. In ruling on a Rule 12(b)(6) motion, however, this Court's review is limited to the face of the Complaint, and the Court declines to consider those exhibits in ruling on the present motion. *See Carswell v. Air Line Pilots Ass'n Int'l*, 540 F. Supp. 2d 107, 114 (D.D.C. 2008) ("Factual challenges are not permitted under Rule 12(b)(6), and the Court may only consider the facts alleged in the complaint, any documents attached as exhibits thereto (or incorporated therein), and matters subject to judicial notice in weighing the merits of the motion." (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997))). Because there are factual issues as to the enforceability of the Agreement, the Court will deny the present motion and address those issues in ruling on Plaintiff's pending Motion to Compel Arbitration.

In addition, the Court declines to grant the present motion on the basis of the Anti-Injunction Act because "[t]he Sixth Circuit Court of Appeals has held that a district court does not violate the Anti-Injunction Act by enjoining paralegal state court proceedings *after* it has compelled arbitration." *Crocker*, 2016 WL 1181786, at *17 (citing *Great Earth Cos. v. Simons*, 288 F.3d 878, 894 (6th Cir. 2002); *Salyersville Health Facilities, LP v. Fletcher*, No. CV 15-81-ART-EBA, 2015 WL 9424145, at *3 (E.D. Ky. Dec. 22, 2015)).  Because the Court has not ruled on whether to compel arbitration in this case, such a ruling would be premature.

Likewise, it is not appropriate for the Court to determine the applicability of the defense of unconscionability in ruling on the motion to dismiss when the parties have requested that the Court defer ruling on the motion to compel arbitration until later.  Under Kentucky law, "[a]n unconscionable contract has been characterized as 'one which no man in his senses, not under delusion, would make, on the one hand, and which no fair and honest man would accept, on the other.'  Unconscionability determinations being inherently fact-sensitive, courts must address such claims on a case-by-case basis."  As Fleshman recognizes, a ruling on this issue necessarily requires the Court to delve into the same factual controversy that causes this Court to decline to address the enforceability of the arbitration agreement under Rule 12(b)(6) and will more appropriately be addressed in ruling on Plaintiffs' Motion to Compel Arbitration.  (Def.'s Mot. to Dismiss 18 ("The same reasons which require that the agreement be invalidated due to lack of contractual capacity also require invalidation of the basis of procedural unconscionability.")).  Accordingly, the Court denies this motion.

### III.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.      Defendant's Motion to Dismiss (DN 11) is **DENIED**.

2.      An evidentiary hearing on Plaintiffs' Motion to Compel Arbitration and Motion to Enjoin State Court Action (DN 5) is set for **10 a.m. ET** on **July 28, 2016**, at the U.S. Courthouse in Louisville, Kentucky.

**Greg N. Stivers, Judge**
**United States District Court**

June 17, 2016

cc:      counsel of record

5